THE CITY OF WAVERLY, Appellee, v. BREMER COUNTY, Appellant.

**Mulct tax:** COLLECTION: COMPENSATION OF COUNTY TREASURER.  That portion of the regular annual mulct tax which a county is required by law to pay to a city, is not subject to the county treasurer's charge of three fourths of one per cent. for collection, as provided in Code, section 490, but any additional tax imposed by the city for its benefit and collected by the treasurer should pay this commission.

*Appeal from Bremer District Court.*— HON. CLIFFORD P. SMITH, Judge.

WEDNESDAY, DECEMBER 14, 1904.

THE opinion states the case.— *Affirmed.*

*O. H. Mitchell,* for appellant.

*L. L. Thompson,* for appellee.

WEAVER, J.— The city of Waverly brought this action at law to recover from the defendant a sum of money alleged to have been collected by the county treasurer as mulct taxes for the city's use. The county, by its answer, admitted the collection of the money described, but justified the refusal to pay it over on the ground that the sum was rightfully retained as fees of the treasurer for his services in making the collection. The material facts may be stated as follows: During the years 1894 to 1902 the county collected the regular annual mulct tax or charge of $600 per year, assessed, as provided by the statute, upon several tracts of real estate in the city of Waverly which were occupied and used as places for the keeping and selling of intoxicating liquors. During the same year the city of Waverly, as authorized by the statute, assessed an additional amount of mulct charges or taxes upon the same property, which assessments were certified to the county treasurer, by whom they were collected for the city's benefit. Of the moneys collected as aforesaid one-half of the regular annual charge of $600 and all the special or additional charge levied by the city has been paid over to the city, except a balance equal to the three-fourths of one per cent. on the collections thus made. On the foregoing conceded facts the trial court found that the city was liable to pay the collection fee upon the special or additional charge or tax levied and collected solely for its own use and benefit, but held that as to the collection of the general or regular statutory charge the treasurer could not rightfully retain any fee or commission for his services. As the county alone appeals, we have no occasion to review the finding of the district court except as to the general or regular annual mulct of $600.

The statutory provisions to which our attention has been called are as follows: Code, section 490 : " Each county treasurer shall receive for his services the following compensation: (1) Three-fourths of one per cent. of all money collected by him as taxes due any city or town, to be paid out

of the same." Code, section 2445: "The revenue derived from the (mulct) tax provided for in this chapter shall be paid into the county treasury, one-half to go into the general county fund and the remainder to be paid over to the municipality in which the business taxed is conducted." The first-cited section is in the chapter relating to the duties and compensation of the county treasurer, and has been the law of the State for many years. The other clause is found in the chapter relating to the sales of intoxicating liquors, and was enacted within a comparatively recent period. The pro-priety of the original provision as applied to ordinary municipal taxes is apparent. Such taxes are levied by the local authorities of the city or town for its own local purposes. The county at large has no interest in them, and derives no benefit from them, and therefore, when a county officer, elected and paid by the county at large, is called upon to collect these local taxes for local purposes, the municipality which receives the benefit of his services should pay a reasonable compensation for the time and labor required at his hands. At the very least, it is within the discretion of the Legislature to require such compensation. The collection of the special or additional mulct, which is left solely to the discretion of the municipality, and is levied solely for its own use and benefit, comes within the suggested reason which underlies Code, section 490. But this cannot be said of the regular annual mulct. That charge is levied and is payable independent of any initiative or option on part of the city, except as the consent of the city is necessary to the operation of the so-called "bar clause" of the statute. It is not collected as a city tax, but as a general charge or penalty on account of the business to which the property is devoted, and the whole sum is due and payable to the county. When collected, the statute (Code, section 2445) makes provision for its disposition by direction that one-half be placed in the general county fund, and the remainder (which is the entire undiminished one-half) be paid over to the municipality in

which the business is conducted. If there be any incongruity or inconsistency between the two sections of the statute which we have been considering, then we think the trial court was right in holding that the general direction in section 490 must yield to the special direction found in section 2445. In our judgment, the general mulct charge is not a municipal tax, and the mere fact that the statute provides that, when collected, one-half shall be turned over to the city, gives the treasurer no right to retain the commission provided for in section 490.

The judgment of the district court is *affirmed.*